I am informed that all parties scheduled to argue are here, so I will turn to the calendar. The first case is Carlos Abreu v. Dr. Kooi, and others from Auburn. Counsel, you may take the podium. Thank you, Your Honor. May it please the court, my name is Alessandra de Blasio, and I represent Carlos Abreu. Mr. Abreu is not an appealing litigant. He's always been very proper and polite with me when we've spoken on the phone, when he has written. But it is apparent from the record that he has mental health problems and he has a criminal history of sexual deviance. In a word, Mr. Abreu is not someone whose society readily holds in esteem, but the Constitution and the rules of civil procedure are not limited to protecting just the virtuous among us. Mr. Abreu filed a complaint raising non-frivolous claims that against prison officials, prison doctors, nurses, guards, administrators, that they denied him medical attention including certain procedures, prescription drugs, a prosthetic for his foot after he broke his wrist, a brace, prescription eyeglasses. And he also claimed that they denied him the right to participate in Passover services and withheld legal filings. And he claims for retaliation based on his many, many lawsuits in federal court and state court against these prison officials and others. The district court's administrative closure, or in effect its dismissal of the case, we feel was not proper or just. But what else, I mean, so what else could the magistrate judge have done here? In this case, I believe what should have been done was to just stay the proceedings until another deposition could be scheduled. A few- But, I mean, that's no penalty at all, right? That's basically rewarding your client with what he wanted by not going to the deposition. He wanted a delay, it was denied, and then he just didn't show. And so how is that a sanction? How is that a lesser sanction? I agree that it's not a penalty. For someone like Mr. Abreu, in his world, I believe it is a sanction. He is being told that he did something wrong. He's got one more chance. And the reverse, I think, is actually dismissal is too extreme because it was just a single, in my mind, a single. The magistrate judge did not dismiss and went to something of a lesser measure. But it does appear that he did not have a good reason not to show up for his deposition. He knew about it, he had notice. He didn't want to wear this exposure control suit. There's a video of the event. There was good reason to require him to wear it based on his prior behavior. The magistrate judge clearly felt he was lying about why he didn't go and changing his story. I mean, it seems pretty reasonable. And the state did incur the expense. And the financial sanction was $134. It's a lot for him, but it wasn't punitive in the sense that it was just to reimburse the state for the expense. It was a sanction that he could not pay, so for him it was significant. But I think the- It wasn't obvious to me that he has nothing, his commissary or nothing, no ability to pay that down over time. That I'm not privy to, I don't know. But he does file so many actions that if I had to guess, there's nothing left in the commissary. I mean, he has really been around the block many, many times. Counsel, pardon I'm not showing up for the deposition. Isn't it true that he filed objections to the report and recommendation and the district court misstated that, that the district court said he didn't file objections? Yes, Your Honor. If I might say yes to you, and I also wanted to respond to Judge Chin. But yes, he did file objections, and I think automatically, therefore, the district court did abuse its discretion in granting the magistrate's reported recommendation because it was the wrong standard. I did want to answer that the irony to the whole case is that he didn't just want to not show up because of the exposure suit. But the exposure suit was part of it, and that was always his claim, is the way he's treated by prison officials. And so in his mind, he didn't need an exposure suit, and there were lesser means. I think he felt this was, yet again, part of being mistreated by prison officials. So that was one, and the second thing was that he did, I think, make a very reasonable motion to delay the deposition. And he, in fact, did not get word from the court that it had been denied. So he never even heard that the court ruled, and he's now being forced to put on something, and really may not have known what he was going for. So I think it comes down to, this is a case about being mistreated in prison, and this was all part of the same thing. It was just a, it was exactly what he was complaining about, and now it, in effect, ended his case. I also want to talk about warnings in advance. Yes. The closest the warning Mr. Bray got from the magistrate judge was when he said, you understand they are going to be doing a deposition in your case, and they are going to do it by video? That is not exactly a warning of the possibility of sanctions, is it? No, I agree with your honor again. I think there was just one warning. It was the very first one back in 2000. That was 17 months before his, 18 months before his sanctioned, his behavior arose? Yeah, that's right. And I think this case turns a lot on him being somebody who just is vexatious, as the government had said before the court. And I don't think the way to get rid of him was to just with one mis-deposition after 27 months of really very vigorous attempt to prosecute his case. So I think when it's compared to many, many other cases where this type of sanction and dismissal might be appropriate, this really is the outlier, so. So are you, cutting to the chase here, is what you're really saying, look, Judge Sharp clearly applied the wrong standard. That was wrong. Your client deserves a shot at having his arguments heard by the district court, which might be flexible on some of these things, might just say, give him another shot. Rather than have us try to pass on the magistrate judge's report and recommendation here. That's really what you're asking us to do. Yes, Your Honor. At the very least, the district court should look at the objections that he filed. He didn't know they were filed. Yes. So at the very least, we should remand to allow him to do that. Would you agree with that? I would agree with Your Honor. But there are cases where we have just applied a harmlessness standard, right? We haven't done that, where it looks like it's just going to be unnecessarily delaying and the magistrate judge's ruling is going to be adopted because it's under a harmlessness standard, that's the only outcome. Well, I think there are cases where, yes, you found it harmless. I think in this case, it wasn't. I think that upon review, the district court could find means and reason to continue the case. Find an alternative sanction and let him continue. Thank you. Thank you. You reserved. I did. We'll hear from the state. Good morning, Your Honors. May it please the court. Kate Nevue for Appalese. Could you say your last name again? Nevue. Nevue. Yes. I'd like to start with an apology to the court. I did not realize until last night that the court does not have jurisdiction because there's been no final appealable order. I've already spoken to plaintiff's counsel and said I would, of course, consent to any written submissions that the court feels are appropriate. But the order that's been appealed in this case said pay a monetary excuse me, said pay a monetary sanction and recommended that the matter and then the case was administratively closed, which is effectively equivalent to a stay. That did not dispose of all of the party's rights and responsibilities. You're saying what the plaintiff should have done then is some sort of mandamus action here? Or perhaps a demand for a partial judgment. Yes, Your Honor. Either of those would have sufficed. But the order that's been appealed does not leave only administrative things to be done. And discovery orders and sanction orders are specifically not collateral orders under this court's decision in SEC versus Smith, which is decided, excuse me, decided in 2013. So essentially, Your Honors, and again, I apologize for raising this at this point. There's been no final judgment on merits is what you're saying? Yes, that's correct, Your Honor. No judgment has been entered. No orders of any kind have been entered since the order that's being appealed. And again, What about the error that you concede the district judge made when he said there were no objections? That cannot be corrected by this court at this time? No, Your Honor. Again, plaintiff could move for partial judgment or for re-argument. Okay, I don't actually know the time frame on re-argument. But the case was closed administratively. Yes, that's correct. How does he have the right to move for anything without removing the sanction? I think that a motion explaining this is why it should be reopened because of this error would have . . . Because there was an error of the judge when he said there were no objections. Yes, that is correct, Your Honor. So it should be reopened, and here we are. Willing to do it. And you tell us we can't do it because it's a non-final order. Again, I regret not having recognized this sooner, Your Honors, but I don't see that it is final because essentially, again, I don't think that this order is final. It's certainly not a collateral order. So, yes, Your Honor. Can you issue an order dismissing the appeal for the lack of an appealable order and note that the district court erred when it said that there was no objection to the R&R? I think so, yes, Your Honor. I'm also happy to answer questions from the court on the assumption that there is jurisdiction because I understand that there are various issues raised by the prior argument, but I do believe that the error that we admit, it's clear that a district court erred, but that was effectively harmless because the only option suggested by plaintiffs now is not a sufficient sanction both for his admittedly willful refusal to attend his deposition. Plaintiff concedes it was willful and based on disagreement with security and not on anything else, and also his submissions to the court. I have a question, counsel, whether he was sufficiently warned. I read the language that was given to him. You understand they're going to be doing a deposition in your case and they're going to be doing it by video. That's not exactly a warning of sanctions for failure to appear, is it? No, Your Honor. He was warned in the pretrial order. Eighteen months earlier. That's correct, Your Honor. We know that he has mental health issues. That's correct. We really want to give notice to these prisoners that if they fail to do things, they will be sanctioned. I'm not satisfied that this admittedly handicapped prisoner were sufficiently warned. In that case, then a remand for the district court to reconsider would be appropriate, but there's no need for this court to craft its own remedy, given the district court's posture in the district court below. In addition, of course, there would also have to be logistical questions as to whether plaintiff is going to be able to prosecute this case going forward, given that it has been removed from the country. But that is, again, all the more reason for this to be decided in the district court in the first instance, should the court decide that that's necessary. Difficulty being deposed, I suppose, too. Well, this was going to be a video deposition, Your Honor. Courts have inquired in the past when people have been removed as to whether there would be any kind of remote deposition possible. I genuinely do not know the answer to that, but that's something that could be gone into at the district court. Unless the court has further questions, we will rest on our brief. Thank you. Thank you, Your Honors. Counsel, can you speak to us on the issue of jurisdiction? I honestly cannot. I wish I could speak to every legal issue, and I cannot. Are you in touch with Mr. Abreu? I am. I am in touch with him. I'd just like to say, counsel just told me minutes before the argument, so it wasn't like we spoke last night, and I had time to look this up. So I very much rely on books and case precedent, and unfortunately cannot speak to this, and I'm shocked and surprised. Was he removed because he doesn't belong in this country? Yes. Did he leave voluntarily? No, he was removed. The Department of Homeland Security removed him. So he can't come back to do a deposition? Correct. He cannot come back, and just so Your Honors know, he has another case which I'm also representing him on, and the panel just last week, the government moved to dismiss for this reason. The panel said that the case could go forward because he is able to continue to pursue it. Maybe he has to find a public interest organization to represent him. Maybe he finds somebody who will do it without being retained. Depositions can be done overseas, as far as I know. Long ago, I used to work for Department of Justice Office of International Affairs, and that's part of what we did. So it varies from country to country, but my understanding is could do a video deposition. Do you think there's any way that we could proceed to vacate the sanction and let the case go forward if it's a non-final order? I would say yes, but I have to say that an additional briefing, perhaps, because I can't just speak off the top of my head. I say yes because I'm representing him and have to look for his best interest. But sure, if we could have a little time to write an informal letter to Your Honors to address this issue, because I'm blindsided, caught totally off guard. We'll take that offer to brief the issue under advisements, together with the merits of the case. Thank you. Thank you both very much. Thank you so much.